UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | Ronald Getaw v. Consolidated Disposal Service, LLC, et al. | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:   ORDER GRANTING MOTION TO REMAND [15]**

### I.   INTRODUCTION

Before the Court is Plaintiff Ronald Getaw's motion to remand the instant case, which was commenced as a class action in the Los Angeles County Superior Court. ECF No. 15. Defendants Consolidated Disposal Service LLC ("CDS"), Republic Services, Inc., ("Republic") and Evan Boyd (collectively, "Defendants") removed this action on July 28, 2021. ECF No. 1.

For the reasons discussed below, Plaintiff's motion is GRANTED.

### II.   FACTUAL AND PROCEDURAL BACKGROUND

From approximately October 2007 to April of 2020, Plaintiff worked for Defendants as a non-exempt employee driving and collecting waste. Compl., Ex. A, ¶ 2, ECF No. 1-2. Plaintiff brought this class action in Los Angeles County Superior Court on behalf of himself and all other current and former non-exempt California employees of Defendants on June 11, 2021. Id. ¶ 1. Plaintiff alleges that Defendants, as joint employers, violated the California Labor Code by failing to 1) pay overtime wages, 2) pay minimum wages, 3) provide meal breaks, 4) provide rest breaks, 5) pay all wages due upon termination, 6) provide accurate wage statements, 7) timely pay wages during employment, 8) indemnify for work-related expenditures, or 9) compensate for unused vested paid vacation days, and that, as a result, 10) Defendants gained an unfair competitive advantage. Id. ¶¶ 36-105. Plaintiff alleges that these violations occurred "at times" over a one- to four-year period against "Plaintiff and Class Members, or some of them." Id. ¶¶ 15-23. Plaintiff does not allege any other facts about the frequency of the violations or the amount of damages.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

On July 28, 2021, Defendants removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). Not. Removal, ECF No. 1; *see* 28 U.S.C. § 1332(d). In support of their Notice of Removal, Defendants submitted a declaration by James Shrenk, Republic's Senior Manager of Human Resources Reporting and Analytics, stating that (1) Defendants employed a total of 1,101 non-exempt employees in California during the relevant time period, (2) Defendants currently employ 787 non-exempt employees, (3) the employees' average hourly rate is $26.05 per hour and (4) the employees' minimum rate is $17.40 per hour. Declaration of James Shrenk ("Shrenk Decl."), ¶¶ 1, 3–4, ECF No. 1-8.

Based on the assumption that each of the 1,101 employees was denied one hour of overtime pay per week over four years, Defendants calculated an amount in controversy for the overtime wage violations of $8,948,486. Not. Removal, ¶ 46. For this calculation, Defendants used the average hourly rate of $26.05 an hour. *Id.* Based on the additional assumption that each of the 1,101 employees was improperly denied a meal break and a rest break one time per four-day workweek over four years, Defendants calculated a total amount in controversy for the meal break and rest break violations of $7,969,478. Opp'n to Mot. Remand, ECF No. 17, 16-17. For these calculations, Defendants used the lowest hourly rate of $17.40. *Id.* Defendants also calculated $4,229,491 in attorneys' fees, based on 25% of the amount calculated for the first three claims. *Id.* at 20. Because the sum of these figures is over $21 million, Defendants did not include any calculations for the remaining seven claims.

Plaintiff filed his motion to remand on August 27, 2021, on the grounds that Defendants failed to establish a $5 million amount in controversy by failing "to point to *any* extrinsic evidence" to support their calculations. Mot. Remand, ECF No. 12. Plaintiff also argues that Defendants' violation rates are arbitrary and took issue with several of the assumptions underlying Defendants' calculations, including that all 1,101 employees worked every week during the four-year period. *Id.* at 16, 19.

### III.   LEGAL STANDARD

#### A.   REMOVAL JURISDICTION

Federal courts are courts of limited jurisdiction. Accordingly, "[t]hey possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In every federal case, the basis for federal jurisdiction must appear affirmatively from the record. *See Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

shown for its transfer under some act of Congress." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Unless otherwise expressly provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. § 1441(a); *see Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013) (same) (internal quotation marks omitted).

To remove an action to federal court under § 1441(a), the removing defendant "must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta*, 537 U.S. at 33. In other words, the removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").

Here, Defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting jurisdiction under CAFA. Therefore, Defendants bear the burden of establishing that this Court has original subject matter jurisdiction over the action under CAFA.

### B. CAFA JURISDICTION

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity[1]. 28 U.S.C. § 1332(d)(2). The general rule is that a removing defendant's well-pleaded amount in controversy allegations "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint.").

A plaintiff may either facially or factually contest the defendant's jurisdictional allegations. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964-65 (9th Cir. 2020). Where a plaintiff mounts a

---

[1] As a threshold matter, the Court finds that there is minimal diversity among the parties. *See* 28 U.S.C. § 1332(d)(2). Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." *Id.* Plaintiff Ronald Getaw is a resident of California. Compl. ¶ 2. Defendant Republic is a corporation incorporated in Delaware, with its principal place of business in Arizona. Not. Removal, ¶¶ 25-26. Defendant CDS is a limited liability company, and its only member is Defendant Republic. *Id.* ¶ 27. Because Plaintiff and these two Defendants are citizens of different states, the requirement of minimal diversity is satisfied.

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

"facial attack," which accepts the allegations as true "but asserts that they 'are insufficient on their face to invoke federal jurisdiction,'" the court need only determine whether the defendant has plausibly alleged the facts necessary to support removal.  *Id.* at 959, 964-65 (quoting *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014)).   Where a plaintiff mounts a "factual attack", the court must determine "by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).   Unlike a "facial attack," a "factual attack" challenges the underlying factual bases of the jurisdictional allegations.  *Salter*, 974 F.3d at 964. A plaintiff need not introduce evidence of its own to mount a factual attack.  *Harris*, 980 F.3d at 700. "A factual attack need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Id.*

The preponderance of the evidence standard means that the "defendant must provide evidence establishing that *it is* 'more likely than not' that the amount in controversy" meets or exceeds the jurisdictional threshold.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (emphasis added).   The defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).   In addition to the contents of the notice of removal, the Court may consider "summary-judgment-type evidence relevant to the amount in controversy at the time of removal," such as affidavits or declarations.   *Ibarra*, 775 F.3d at 1197; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). There is no presumption against removal jurisdiction in CAFA cases.  *Dart Cherokee*, 574 U.S. at 89.

IV.    **DISCUSSION**

      A.  **AMOUNT IN CONTROVERSY**

Plaintiff argues that this case should be remanded because Defendants have failed to establish that the amount in controversy exceeds $5 million.   The Court agrees.

As discussed by the Ninth Circuit, the Court notes that its inquiry turns on whether Plaintiff's attack may be deemed "facial" or "factual."  *Salter*, 974 F.3d at 964-65.   To an extent, Plaintiff argues that Defendants did not submit sufficient proof supporting their calculations.   Mot. Remand, 12.   This alone would amount to a facial attack.  *See Salter*, 980 F.3d at 961.

    :

Initials of Preparer

    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

However, Plaintiff also objects to Defendants' assumed violation rates and maintains that the following assumptions are unreasonable and unsupported by evidence: (1) that all 1,101 former and current non-exempt employees worked at least one hour of unpaid overtime every week during the four-year period; and (2) that all 1,101 former and current non-exempt employees worked shifts that made them eligible for meal and rest break periods every week during the four-year period.  Mot. Remand, 9. By challenging the factual basis of the assumptions underlying Defendants' calculations, Plaintiff has mounted a factual attack.  *See Harris*, 980 F.3d at 700 (finding that the plaintiff mounted a factual attack where the plaintiff "contested [the defendant]'s failure to demonstrate that all members of the Hourly Employee Class worked shifts long enough to qualify for meal and rest periods.").  Plaintiff need not put forward his own evidence to mount a factual attack and may do so by "making a reasoned argument" as to defendant's assumptions.  *Id.*

Accordingly, this Court must determine whether Defendants have satisfied their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5 million.

In doing so, a defendant "may rely on reasonable assumptions."  *Arias v. Residence Inn*, 936 F.3d 920, 922 (9th Cir. 2019).  An assumption is reasonable when it is "founded on the allegations of the complaint," *id.* at 925, or has "some reasonable ground underlying" it.  *Ibarra*, 775 F.3d at 1199. A defendant may not, however, pull assumptions "from thin air" or "establish removal jurisdiction by mere speculation and conjecture."  *Id.* at 1197, 1199.

Here, Shrenk's declaration states only that (1) Defendants employed 1,101 employees between June 11, 2017 and July 26, 2021; (2) Defendants employ 787 employees currently; (3) the average hourly rate of all 1,101 employees is approximately $26.05; and (4) the lowest hourly rate for any current employee is $17.40 per hour.  Shrenk Decl. ¶ 3, 4.

This evidence fails to show how Defendants' calculations and assumptions are reasonable.  For each calculation, Defendants assume that all 1,101 current and former non-exempt California employees worked every workweek during the four-year period (totaling 229,008 workweeks).  This assumption is not grounded in the allegations of the complaint, nor is it supported by any evidence in Defendants' Notice of Removal or in any supplemental evidence offered to the court.

In its complaint, Plaintiff defined the class members as "all other current and former non-exempt California employees employed by or formerly employed by Defendants" and claimed that the alleged violations occurred "at times" against "Plaintiff and Class Members, or some of them."  Compl. ¶¶ 1, 15-22.  This allegation supports the assumption that all 1,101 employees suffered injury during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

four-year period, but it does not support the assumption that all 1,101 class members suffered an injury for every workweek during the four-year period. Indeed, because Defendants employed only 787 California non-exempt employees in June 2021, Shrenk Decl. ¶ 3, the assumption that all 1,101 employees worked every week during the four-year period is not only unreasonable but also disproven by Defendants' own evidence.

Defendants have not submitted any evidence to support this assumption either, despite stating that they had access to a database that could generate a report to establish the workweeks and shifts worked "without limitation." Shrenk Decl. ¶ 2. Defendants had ample opportunity to present this information in response to Plaintiff's factual attack in either their Opposition to the Motion to Remand or at the September 27, 2021 hearing and status conference. *See Arias*, 936 F.3d at 924 ("[A] district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied."). Defendants failed to do so.

Moreover, in its review of relevant authority, the Court finds that defendants generally submit some evidence describing the number of qualifying workweeks or shifts the class worked. *See, e.g., Arias*, 936 F.3d at 923; *Ibarra*, 775 F.3d at 1198; *Landeros v. Allfast Fastening Sys.*, No. 2:20-cv-09859-SVW-SK, 2021 U.S. Dist. LEXIS 60420, at *4 (C.D. Cal. Feb. 9, 2021); *Marano v. Liberty Mut. Grp., Inc.*, No. SACV 20-02215-CJC (ADSx), 2021 U.S. Dist. LEXIS 7708, at *6 (C.D. Cal. Jan. 14, 2021); *Tennison v. Hub Grp. Trucking, Inc.*, No. LA CV20-05076 JAK (SPx), 2020 U.S. Dist. LEXIS 243542, at *9 (C.D. Cal. Dec. 28, 2020).

Even in cases with the most general of evidence, defendants have provided some basis for their assumptions. For example, in *Oda*, where the Court upheld a 50% violation rate, the defendants' declaration stated that "the plaintiffs are predominantly full time employees, who are typically scheduled to work 8 hour shifts, five days per week." *Oda v. Gucci Am., Inc.*, No. 2:14-CV-07469-SVW, 2015 WL 93335, at *1, 3 (C.D. Cal. Jan. 7, 2015). The Court noted that, even though this was a "general description," it was sufficient for the defendants to meet their burden at this early stage. Comparatively, Defendants' evidence here fails to include any such statement to support their calculations. In fact, there is no statement, either general or specific, as to the types of workers employed, their hours, or any other evidence that provides a basis for defendants' assumptions.

In another case cited by Defendants, *Alvarez v. Office Depot, Inc.*, No. CV177220PSGAFMX, 2017 WL 5952181, at *4 (C.D. Cal. Nov. 30, 2017), the court found that "courts have refused to credit calculations that assume violations without considering whether the shifts in question necessarily

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
|---|---|---|---|
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

permitted meal and rest breaks." *Id.* (citing *Smith v. Diamond Resorts Mgmt., Inc.*, No. EDCV 15–2477–VAP (SPx), 2016 WL 356020, at *3 (C.D. Cal. Jan. 29, 2016)). In their opposition, however, the defendants "clarifie[d] that 'there were 339 current and former full-time putative class member non-exempt employees at Signal Hill during the relevant time period, and that these 339 full-time putative class members worked approximately over 49,500 workweeks where they were scheduled for five or more shifts per week that were eligible for meal and rest breaks.' This clarification satisfie[d] the Court's concern regarding which employees were entitled to meal and rest periods." *Id.* at *11. Here, however, Defendants have failed to provide any such clarification.

Accordingly, there is no factual or evidentiary basis for Defendants' assumptions, even one as general as described in *Oda* and *Alvarez*. Like in *Harris*, where the defendant provided two declarations that failed to "address the frequency with which Hourly Employee Class members worked shifts that would have made them eligible for meal or rest breaks," there is no reliable way to calculate the amount in controversy without some understanding of how many overall eligible shifts the class members worked. *See Harris*, 980 F.3d 694, 698.

A district court does not need to "perform a detailed mathematical calculation of the amount in controversy before determining whether the defendant has satisfied its burden." *Id.* at 701. The purpose of holding Defendants to the preponderance of the evidence standard in this context is to ensure that "CAFA's requirements are . . . tested by consideration of real evidence and the reality of what is at stake in the litigation." *Ibarra*, 775 F.3d at 1198. Here, given Defendants' unsupported assumptions, the Court has no sense of "the reality of what is at stake in this litigation." *Id.*

All of Defendants' calculations rest on an assumption that is is neither supported by evidence nor based on the allegations of the complaint. Defendants have therefore failed to show that the amount-in-controversy exceeds $5 million by a preponderance of the evidence.[2]

---

[2] Defendants also include attorneys' fees in calculating the amount in controversy, which is permitted when fees are authorized by statute. *Fritsch v. Swift Transp. Co. of Ariz. LLC*, 899 F.3d 785, 794 (9th Cir. 2018). However, because the calculations discussed above are flawed, the Court cannot address the reasonableness of the alleged attorneys' fees, which necessarily rest on these flawed calculations. *See Vanegas v. DHL Express (USA), Inc.*, No. CV 21-01538 PA (JCx), 2021 U.S. Dist. LEXIS 57255, at *13 (C.D. Cal. Mar. 24, 2021).

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-06097-SVW-JPR | Date | October 20, 2021 |
| Title | *Ronald Getaw v. Consolidated Disposal Service, LLC, et al.* | | |

### V.      CONCLUSION

For the reasons discussed above, Defendants have failed to meet their burden of proving that the amount in controversy exceeds $5 million pursuant to CAFA.  *See* 28 U.S.C. § 1332(d).  Therefore, Plaintiff's motion to remand is GRANTED.

**IT IS SO ORDERED.**

:
_____
Initials of Preparer
PMC